UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID HUDSON (#179401),

                Plaintiff,

CASE NO. 5:09-CV-14109
JUDGE JOHN CORBETT O'MEARA
MAGISTRATE JUDGE PAUL J. KOMIVES

v.

WRIGHT WADE, SCOTT NOBLES,
RAYMOND BOOKER, LOIS ATCHER,
THOMAS RIDLEY, SHERRI CURETON,[1]
MARK MACKINTOSH, THOMAS GOULD,
and RICHARD GOLDBERG,

                Defendants,
_____/

**REPORT AND RECOMMENDATION REGARDING DEFENDANT CURENTON'S
MAY 16, 2011 MOTION FOR SUMMARY JUDGMENT (Doc. Ent. 46)**

**I.     RECOMMENDATION:** The Court should deny as moot but without prejudice defendant Curenton's May 16, 2011 motion for summary judgment (Doc. Ent. 46).

**II.    REPORT:**

**A.     Plaintiff's Complaint Was Amended by Way of my January 13, 2011 Order.**

**1.**     Plaintiff David K. Hudson Bey is currently incarcerated at Lakeland Correctional Facility (LCF) in Coldwater, Michigan where he is serving two life sentences for first-degree murder, Mich. Comp. Laws § 750.316.[2] On October 19, 2009, while incarcerated at LCF, plaintiff filed a fee-paid prisoner civil rights complaint against nine (9) defendants:  Wade, Nobles, Booker, Atcher, Ridley and Cureton, apparently employees at the Ryan Correctional Facility (RRF) in

---

[1]The proper spelling of defendant's name is Sherry Curenton.  Doc. Ent. 46-3.

[2]*See* www.michigan.gov/corrections, "Offender Search," #179401.

Detroit, Michigan, and defendants Mackintosh, Gould and Goldberg, apparently employees at the Gus Harrison Correctional Facility (ARF) in Adrian, Michigan.  Doc. Ent. 1 at 1, 14-15.

Plaintiff's claims consist of (I) retaliation in violation of the First and Fourteenth Amendments; (II) defendants' personal participation in a 42 U.S.C. § 1983 conspiracy; (III) intentional and malicious denial of access to the court; (IV) First Amendment retaliation, including a claim that MDOC PD 03.03.105 ("Prisoner Discipline") is unconstitutional; (V) retaliation for exercising his First Amendment right to petition the government for a redress of grievances and continuing damages, and (VI) willful violation of permanent injunction under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA)[3] and the First and Fourteenth Amendments.  Doc. Ent. 1 at 3-13.[4]

Judge O'Meara referred this case to me to conduct all pretrial proceedings.  Doc. Ent. 4. On May 17, 2010, plaintiff filed a second amended complaint.  Doc. Entries 20 and 21.

Then, on June 10, 2010, eight (8) of the nine (9) defendants in this case filed a motion to strike and dismiss the plaintiff's second amended complaint based on the plaintiff's non-compliance with the applicable procedural rules; or alternatively for screening of the pro se prisoner civil rights complaint under the provisions of the PLRA's screening provisions before the defendants are required to file a responsive pleading.  Doc. Ent. 25.

Pursuant to my September 30, 2010 order (Doc. Ent. 32), plaintiff's June 18, 2010 (Doc. Ent. 28) and July 23, 2010 (Doc. Ent. 31) amended complaints were stricken.  The order provided, in part, that "[p]laintiff ha[d] thirty (30) days within which to file an amended

---

[3]The Religious Land Use and Institutionalized Persons Act of 2000 is codified at 42 U.S.C. §§ 2000cc - 2000cc-5.

[4]Attached to the complaint are Exhibits A-J (Doc. Ent. 1 at 16-50; Doc. Ent. 1-2 at 1-10).

complaint which w[ould] supercede the original complaint and which may not incorporate by reference a prior pleading." Doc. Ent. 32 at 12-13.

**2.** By way of my January 13, 2011 order (Doc. Ent. 41) granting plaintiff's October 21, 2010 motion (Doc. Ent. 33 at 1-3) to amend his May 17, 2010 complaint (Doc. Entries 20 and 21), the Court acknowledged the October 21, 2010 complaint and Exhibits A-E (Doc. Ent. 33 at 4-42) as plaintiff's amended complaint.[5]

Plaintiff's amended complaint lists seven (7) defendants - Gould, Wade, Nobles, Curenton, Booker, Ridley and Archer - each of whom is sued in their individual and official capacities.  Doc. Ent. 33 at 5-6, 6 ¶ 3, 19 ¶ 88.  There are also seven (7) claims for relief and causes of action, including counts based upon First Amendment retaliation; First Amendment access to courts; conspiracy and RLUIPA.  Doc. Ent. 33 ¶¶ 81-87.  Plaintiff seeks injunctive, compensatory, and declaratory relief.  Doc. Ent. 33 at 21.

**B.     Defendant Curenton's Motion for Summary Judgment (Doc. Ent. 46)**

On May 16, 2011, defendant Curenton filed a motion for summary judgment (Doc. Ent. 46), wherein she presents six (6) arguments.  Doc .Ent. 46 at 4-5, 11-26.[6]

---

[5]Plaintiff has filed proofs of mailing with respect to the motion and the addendum. Doc. Ent. 33 at 43, Doc. Ent. 34 at 4.  The addendum includes a list of previous lawsuits on the form "Prisoner Civil Rights Complaint," including *Hudson-Bey v. Zimmerman, et al.*, Case No. 2:94-cv-00277-RHB-TPG (W.D. Mich.); *Hudson-Bey, et al. v. McGinnis, et al.*, Case No. 1:98-cv-00722-RAE-DAR (W.D. Mich.); and *Hudson-Bey v. Martin, et al.*, Case No. 1:00-cv-00389-RAE-ESC (W.D. Mich.).  Doc. Ent. 34 at 2-3.  It also appears that plaintiff was a party to *Hudson-Bey v. Mohrman*, Case No. 2:94-cv-00227-RHB-TPG (W.D. Mich.).

[6]Attached to the motion is Curenton's April 8, 2011 affidavit, to which is attached the gym logbook for April 21, 2008 to December 13, 2008.  Doc. Ent. 46-3.

On June 2, 2011, I entered an order requiring plaintiff to file a response on or before July 23, 2011. Doc. Ent. 47.[7] A copy of this order was sent to plaintiff at LCF; however, to date, no response has been filed.

**C.     Analysis**

Plaintiff's third amended complaint, filed on July 23, 2010 (Doc. Ent. 31), was stricken by my September 30, 2010 order (Doc. Ent. 32 at 13). Defendant Curenton's May 16, 2011 motion for summary judgment (Doc. Ent. 46) is based upon plaintiff's third amended complaint (Doc. Ent. 31). *See* Doc. Ent. 46 at n.1, n.2, n.27, n.33, n.44, n.45.

Therefore, the Court should deny defendant Curenton's May 16, 2011 motion for summary judgment (Doc. Ent. 46) as moot but without prejudice to refiling her motion with respect to plaintiff's complaint as amended by my January 13, 2011 order. Doc. Ent. 41 at 4; *see also* (Doc. Ent. 33 at 4-42).

**III.     NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v.*

---

[7] The order actually lists the due date for plaintiff's response as July 23, 2010. Doc. Ent. 47.

4

*Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated:9/13/11

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and  by electronic means or U.S. Mail on September 13, 2011.
>
> s/Eddrey Butts  
> Case Manager